United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 06-50974
Summary Calendar

---

CHARLES EDWARD TURNER

Plaintiff-Appellant

v.

TONI RIGGS; JAMES TRUSSELL

Defendants-Appellees

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-400

---

Before WIENER, GARZA, and PRADO, Circuit Judges

PER CURIAM:[*]

Charles Edward Turner, Texas prisoner # 929130, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's grant of summary judgment to the defendants in his 42 U.S.C. § 1983 action alleging that they used excessive force against him. By moving for leave to proceed IFP, Turner is challenging the district court's certification that his appeal is not taken in good

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith because it is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5). However, Turner has not demonstrated any nonfrivolous ground for appeal.

Turner first argues that his appeal is not frivolous because the district court denied the defendants' motion to dismiss the excessive force claims, showing that there were facts that could be proven that would entitle him to relief. In denying the motion to dismiss the excessive force claims, the district court found only that there were facts that Turner could possibly prove that would entitle him to relief. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). In their motion for summary judgment, however, the defendants provided evidence showing that there was no genuine issue of material fact for trial and that they were entitled to judgment as a matter of law, including evidence that Turner did not complain of an injury to his finger until well after the alleged use of excessive force and a DVD showing that Turner was not assaulted and that his finger was not injured during the alleged incident. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Turner's response to the motion for summary judgment consisted of a reiteration of the allegations of his complaint, evidence regarding unrelated matters, and unsworn reports showing that he complained about an injury to his finger months after the alleged use of excessive force. This was insufficient to create a genuine issue of material fact. See id.; Watts v. Kroger Co., 170 F.3d 505, 509 (5th Cir. 1999).

Turner's argument that the district court erred by denying his motion for appointment of counsel is without merit. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). We do not consider his remaining arguments that he should be allowed to proceed IFP because he is poor, elderly, and disabled and because he is a United States citizen similarly situated to others who have been

granted leave to proceed IFP as they do not address the district court's certification decision. See Baugh, 117 F.3d at 202.

The IFP motion is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2. Turner's motion for appointment of counsel in this court is also denied. See Ulmer, 691 F.2d at 212-13. Turner is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). He is further cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.